UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH A. RODRIGUEZ,

                          Plaintiff,                    **DECISION AND ORDER**

              v.                                        6:24-CV-06086 EAW

CHEX SYSTEMS, INC.,

                          Defendant.

---

## INTRODUCTION

*Pro se* plaintiff Elizabeth A. Rodriguez ("Plaintiff") filed this action in Rochester City Court on December 15, 2023, against defendant Chex Systems, Inc ("Defendant"). (Dkt. 1 at ¶ 1; Dkt. 1-2). Defendant was served with the summons and complaint on January 19, 2024. (Dkt. 1 at ¶ 2). On February 8, 2024, Defendant timely removed the case to federal court pursuant to 28 U.S.C. § 1331, on the grounds that Plaintiff's complaint includes claims arising under the federal Truth in Lending Act and the Equal Credit Opportunity Act. (*Id*. at ¶¶ 6, 8).

Presently pending before the Court are Defendant's motion for a more definite statement (Dkt. 3) and Plaintiff's motion for summary judgment (Dkt. 5). For the following reasons, Defendant's motion for a more definite statement is granted, and Plaintiff's motion for summary judgment is denied without prejudice as premature.

## BACKGROUND

Plaintiff alleges that Defendant impeded her ability to "enjoy and have safe and ethical banking." (Dkt. 1-2 at 1). She alleges that Defendant is a "credit consuming

agency," that is "engaged in the business of banking consuming/approvals in New York State . . ." (*Id*. at 2).

Plaintiff alleges that, between June 14, 2021, and August 2023, she "contacted and confirmed identity, unauthorized bank activity and accounts and much more" with Defendant, and that there were "many concerns of the conduct of" Defendant.  (*Id*.). Plaintiff states that on June 14, 2021, she attempted to add her 18-year-old son to her bank account at "Family First of N.Y. F.C.U.," but her request was declined and she received a letter from Defendant alleging "account abuse" and a "charge off amount" of $154.02 unpaid, with a closure status date of October 1, 2018, at another bank.  (*Id*.).

Thereafter, on August 24, 2022, following "some back and forth communication," Plaintiff received a response letter from Defendant, which "stat[ed] multiple inaccurate addresses, phone numbers, and emails would be removed from their system," but failed to respond to other inaccurate information.  (*Id*. at 2-3).  Plaintiff further alleges that on August 24, 2022, Plaintiff received a letter from Defendant alleging a "check return" dated April 15, 2021, from her "business," but Plaintiff did not have a business or use checks. (*Id*. at 3).

Plaintiff received another letter from Defendant on August 25, 2022, stating that "three inquiries" would be removed from her account, but the letter had "little information." (*Id*.).  Plaintiff requested an investigation and that all inaccurate information be removed from her account.  (*Id*.).  Plaintiff received another letter from Defendant on September 14, 2022, stating that its "investigation was complete," but that her account still contained inaccuracies.  (*Id*.).

Plaintiff alleges that "another concern" she has is that Defendant's documentation states that she "became available for issuance in 1990," which is incorrect, since she was only two years old at that time.  (*Id*. at 3-4).

Plaintiff alleges that Defendant "failed to properly operate under 'N.Y. Penal Law 190.55,' unlawful use of a credit card, debit card, accounts, and more – (making false statements of credit terms)" and also that Defendant failed to properly operate under "The Consumer Credit Fairness Act in N.Y.," "The National Credit Act," "The Truth Lending Act," and "The Equal Credit Opportunity Act."  (*Id*. at 4).  Plaintiff alleges that she sent many letters and attempted emails, and made phone calls, to Defendant, and that Defendant breached its contract.  (*Id*.).

Plaintiff alleges that she has been damaged in the amount of $71,284, and for "mortgage inaccuracies" in an amount of over $100,000.  (*Id*. at 4-5).  She asks for $15,000 from Defendant, as well as a "stipulation or two" from the Court and from Defendant.  (*Id*. at 5).

## ANALYSIS

### I.    Motion for More Definite Statement

Defendant moves pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for an order requiring Plaintiff to file a more definite statement.  (Dkt. 3).  Specifically, Defendant asks that Plaintiff clarify her claims brought under the New York Penal Law and the National Credit Act, the latter of which is a law engaged in March 2005 in the Republic of South Africa. (Dkt. 3-1 at 4).  Defendant further requests that Plaintiff identify which provisions of the New York Consumer Credit Fairness Act, the Truth in Lending

Act, and the Equal Credit Opportunity Act she contends were violated.  (*See* Dkt. 3-1 at 4-5).  Plaintiff did not respond to the motion; rather, on March 22, 2024, she filed a motion for summary judgment, to which she attaches various documents she contends support her claims.  (*See* Dkt. 5).  Defendant filed a reply in further support of its motion for a more definite statement on March 28, 2024.  (Dkt. 7).

Rule 12(e) states:

**Motion for a More Definite Statement.**  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Defendant's motion is made in response to a pleading to which a responsive pleading is permitted—that is, Plaintiff's complaint—and it was made before any responsive pleading was filed.  Accordingly, the motion is procedurally proper.

Under Rule 8(a) of the Federal Rules of Civil Procedure[1], a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Where a defendant cannot reasonably respond to a complaint because of the latter's vagueness or ambiguity, a court may grant the defendant's motion for [a] more definite statement."  *Clayton v. City of Middletown*, 237 F.R.D. 538, 539 (D. Conn.

---

[1]     Because Plaintiff's case was removed to federal court, the federal procedural rules apply to her claims.  *See Breedlove v. Cabou*, 296 F. Supp. 2d 253, 268 (N.D.N.Y. 2003) ("once a case is removed to federal court, federal not state rules of procedure govern").

2006).  However, "[a] motion for a more definite statement should not be granted if the allegations in the complaint comply with Rule 8," and "Rule 12(e) motions are generally disfavored because of their dilatory effect." *ProBatter Sports, LLC v. Sports Tutor, Inc*., 246 F.R.D. 99, 101 (D. Conn. 2007) (internal quotations and citation omitted).  "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings. . . .  Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process." *Id.* (internal quotations and citation omitted); *see also Pelman v. McDonald's Corp*., 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) ("Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail." (quotations and citation omitted)).

"A motion for [a] more definite statement is not a motion to dismiss and therefore does not require the Court to assess the viability of the claims." *Clayton*, 237 F.R.D. at 540.  The granting of such a motion is within the discretion of the district court.  *Id*. at 539.

Viewed in the light most favorable to Plaintiff, her allegations suggest that she is the victim of identity theft, and Defendant did not adequately respond to her notifying them of the alleged fraud.  While Plaintiff cites to some specific dates and correspondence she allegedly engaged in with Defendant, the complaint lacks clarity with respect to the legal violations allegedly committed by Defendant.

Plaintiff has failed to articulate, and it is not otherwise clear from the complaint, what actions by Defendant violated the statutes to which Plaintiff cites.  Plaintiff simply broadly asserts that Defendant violated certain statutes, making boilerplate reference to

these statutes without further explanation. (*See, e.g.,* Dkt. 1 at 4 (stating that Defendant

"failed to properly operate under 'The Consumer Credit Fairness Act in N.Y.', 'The

National Credit Act', The Truth Lending Act', [and] 'The Equal Credit Opportunity Act'.

. .")). As pointed out by Defendant, the "National Credit Act" appears to be a South African

law, and it is unclear from the complaint how this law would entitle Plaintiff to relief.

Further, with respect to the remaining statutes—which are highly complex laws—Plaintiff

fails to cite which specific sections of these laws Defendant allegedly violated by its

conduct.[2]

This is not a case where Defendant is seeking to obtain information that is typically

borne out by the discovery process. *Cf. Columbia Ins. Co. v. Brown Shoe Co.*, 233 F.R.D.

250, 251 (D. Conn. 2005) (explaining that motions for a more definite statement are not

meant to be a substitute for the normal discovery process). Rather, Plaintiff's allegations

are vague and confusing, and they are not sufficient for Defendant to prepare a response to

the complaint. Courts have granted motions for a more definite statement in similar

situations. *See, e.g., Porter v. Duval Cnty. Sch. Bd.*, 406 F. App'x 460, 461-62 (11th Cir.

2010) (affirming the district court's granting a motion for a more definite statement because

the plaintiff's original complaint was "vague and ambiguous," including because the

---

[2]     Plaintiff also alleges a violation of N.Y. Penal Law § 190.55. Although the Court
is not required to assess the viability of Plaintiff's claims on this motion, Plaintiff is advised
that generally violations of criminal law may not serve as the basis for a private right of
action. *See, e.g., Christian v. Town of Riga*, 649 F. Supp. 2d 84, 90-91 (W.D.N.Y. 2009)
(dismissing the plaintiff's claims under various sections of New York's Penal Law,
including under Section 190, and explaining that those laws "do not create a private right
of action for any of the varied forms of relief plaintiff seeks"), *reconsideration denied*,
2010 WL 4116785 (W.D.N.Y. Oct. 19, 2010).

complaint "included numerous claims against multiple defendants stated in lengthy, unnumbered paragraphs," and also because the plaintiff's identified basis for her claims was a blanket reference to "article 9 of the Florida Constitution of due process and the United States Constitution of the Fourteenth Amendment due process clause etc."); *Wisconsin Province of Soc'y of Jesus v. Cassem*, No. 3:17-cv-1477 (VLB), 2018 WL 9801769, at *3 (D. Conn. May 24, 2018) (granting motion for a more definite statement where the complaint alluded to a cause of action, but did not actually allege such a claim, and ordering that the amended complaint "shall list each specific claim, the facts in support of that claim, and the Defendants against whom the claim is raised, in a separate, enumerated count").

Because it is not clear from the allegations in the complaint how Plaintiff is entitled to relief, her pleading does not comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Defendant's motion is granted, and Plaintiff is hereby directed to file an amended complaint. The amended complaint shall clearly identify each claim, cite to the specific statutory or other authority supporting each claim, and include supporting factual allegations for each claim—in other words, a short, plain statement as to how Defendant violated a legal obligation to Plaintiff and the harm she suffered. Plaintiff's allegations need not be extensive—however, they must satisfy the requirements of Rule 8.

Although Rule 12(e) provides for a 14-day time period for compliance, considering Plaintiff's *pro se* status, the Court will enlarge that time period. Accordingly, Plaintiff is directed to file an amended complaint clarifying her claims within <u>30 days</u> of receipt of this Decision and Order. Plaintiff is hereby warned that her failure to comply with this

Decision and Order by filing an amended complaint as specified herein may result in the Court striking her pleading or taking some other appropriate action.

## II.  **Motion for Summary Judgment**

Also pending before the Court is Plaintiff's motion for summary judgment.  (*See* Dkt. 5).  Plaintiff filed her case against Defendants in December 2023, and the parties have not conducted any discovery in this matter.  As explained above, the Court finds that Plaintiff must clarify her claims, so that Defendant has adequate notice of them and can respond to them.

Given the procedural posture of this case, consideration of Plaintiff's motion for summary judgment would be premature.  *See, e.g., Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("Rule 56(b) allows a summary judgment motion to be made 'at any time.'  But courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.").  Accordingly, Plaintiff's motion for summary judgment (Dkt. 5) is denied without prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's motion for a more definite statement (Dkt. 3) is granted, and Plaintiff's motion for summary judgment (Dkt. 5) is denied without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  April 22, 2024
          Rochester, New York